[Sac. No. 1062.   Deprtment Two.—August 18, 1904.]

SOUTH TULE INDEPENDENT DITCH COMPANY, Appellant, v. WILLIAM KING and PHILINDA KING, Respondents.

ACTION TO DETERMINE WATER-RIGHT—REAL PROPERTY—DEFENSE—MISTAKE IN DEED—EXCLUSIVE POSSESSION OF WATER-RIGHT—STATUTE OF LIMITATIONS.—An action to determine a water-right which is in effect an action to determine the title to one half cubic foot per second of water, claimed by both parties, and in the possession of the defendants, is an action to recover real property. Where a mistake in a deed of a right of way to the plaintiff, in purporting to confirm all plaintiff's water-rights, was relied upon by way of defense, as incidental to the main question of defendants' title to, and exclusive and continuous possession of, the water-right in controversy, the statute of limitations of three years for relief on the ground of mistake is inapplicable; and the statute of limitations concerning real property, which alone is applicable, cannot run against the defendants, who have always possessed and claimed such water-right.

ID.—EVIDENCE OF MISTAKE—SUPPORT OF FINDING.—Where the evidence tends to show a mutual mistake in the deed, and the only possibility otherwise is that of a mistake of the defendants, known to the plaintiff, a finding of mutual mistake is sufficiently supported.

APPEAL from a judgment of the Superior Court of Tulare County.   W. B. Wallace, Judge.

The facts are stated in the opinion.

Bradley & Farnsworth, for Appellant.

Charles G. Lamberson, for Respondents.

COOPER, C.—Plaintiff brought this action to establish its prior right against defendants to divert and use thirteen cubic

feet of water per second from Tule River, in Tulare County, and to enjoin defendants from interfering with said diversion, and with plaintiff's dam at the head of its ditch in said river, by means of which it diverts said water. Defendants had judgment, and this appeal is from the judgment on a bill of exceptions. There is no conflict here, except as to the prior right of defendants to divert one half cubic foot of water per second from said river.

Defendants are husband and wife, and have for many years been riparian owners of lands on said Tule River. About the year 1872 the predecessors in interest and grantors of defendants constructed a ditch leading out of Tule River on the south side thereof, at a point on said river above the land of defendants, and below the head of plaintiff's present ditch, which said ditch of defendants diverted, and has ever since diverted, from said river one half cubic foot of water per second, which water is, and has been at all times, used by defendants for purposes of irrigation, and which ditch is, and has been at all times, appurtenant to defendants' land.

After the construction of defendants' ditch, and the diversion of said one half cubic foot of water per second through the same to defendants' land, the predecessors of plaintiff constructed a ditch leading out of Tule River on the north side thereof, at a point on said river below the said lands of defendants, which said ditch diverted, and from the time of its construction until May, 1896, did divert, from said river about thirteen cubic feet of water per second, which water was used by plaintiff and its predecessors for beneficial purposes. In May, 1896, the head of the plaintiff's ditch was changed to a point on the north side of Tule River, where it is now located, above the head of defendants' said ditch, and plaintiff has constructed a new ditch leading out of said river from said last-named point of diversion over and across the lands of defendants, under a deed of right of way made by defendants to plaintiff dated January 13, 1896. The question as to what this deed conveyed is the main point in controversy here. At the time of making the deed, the defendants owned their ditch and a prior right to divert one half cubic foot of water per second from said river. This is practically conceded.

It is stated in the brief of appellant that it "bases its right

on the deed from King dated January 13, 1896, by which King granted to plaintiff the right as against King to divert from Tule River thirteen cubic feet of water per second.''

The description in the deed is as follows: ''A right of way for a water-ditch five feet wide on the bottom, in, over, and across the east one half of section nine, in township twenty-two south, range twenty-nine east, Mt. Diablo base and meridian, said right of way to commence at a point on the east line of the said lands far enough north of the point where the old Loup Ditch crosses the said east line, to give the said right of way an elevation of about ten feet above the said 'old Loup Ditch' and to run thence northwesterly across said land nearly parallel with said 'old Loup Ditch,' *and also the right to take and divert from the South Tule River, so far as this grantor is concerned, and to conduct the same through the ditch of the grantee to be constructed on the right of way above described thirteen cubic feet per second,* and together with the right to enter into and upon the land above described for the purpose of cleaning out said ditch and keeping the same in repair.''

The defendants in their amended answer, by way of defense, alleged that the portion of the description in italics was inserted therein by mutual mistake of the parties.

The court appears to have carefully considered the evidence, and found that the said portion of the description in italics was inserted therein by mutual mistake, and that the agreement between the parties was, that the defendants were to convey to the plaintiff the right of way for its ditch across the land of the defendants, but that defendants ''did not agree to grant to plaintiff any right to take any water from Tule River other than the water which the said plaintiff was at such time entitled to take and divert from Tule River.''

The burden of plaintiff's argument is, that this finding is not supported by the evidence. After a careful examination of all the evidence, we are convinced that the finding is correct. The defendant William King testified fully as to conversations, negotiations, and agreement as to the deed, and that it was all in reference to a right of way. Nothing was ever said to him about selling or conveying his one half cubic foot of water. In fact we need only look to plaintiff's testimony for confirmation of that of William King. The wit-

ness McCabe, who was a director of the plaintiff at the time
of the negotiations, testified: "Mr. Beebe and I went up the
river to defendant King's place on Sunday between Christmas
and New Year's in December, 1895, for the purpose of talking
to Mr. King about getting a right of way through his place.
. . . We told him that we came up there to see about a right
of way through his land. . . . We knew that Mr. King had a
little water-ditch. Our ditch, the lower ditch, was carrying
water then, and we desired to move the head of our ditch up
the stream for the purpose of covering more land of Tule
River. . . . I had never had any talk with Mr. King about
the right of way before Mr. Beebe and I went up there to see
him on that subject. When we were talking the matter over
with Mr. King he pointed out to us where he was willing to
have the ditch come out of the river."

The witness Beebe, who went with McCabe on behalf of
plaintiff to see defendant King about the right of way, testi-
fied that he was present with McCabe and heard the con-
versations about the right of way, and "we finally came away
without any definite understanding with him [King] as to
whether he would give us the right of way or not. Prior to
that time I had told him that the ditch company wanted a
deed for a right of way through his land and permission to
move their water up above his land, take it out of the river
above his land."

In cross-examination this witness was asked and gave re-
plies to questions as follows:—

"Q. Did this corporation, plaintiff, ever claim the right to
take the water that Mr. King had been accustomed to divert
into that ditch of his?—A. Not to my knowledge.

"Q. You never had any agreement or understanding with
Mr. King that he should deed this corporation any such right,
did you?—A. Why, my agreement with Mr. King was that
he was to give them permission to take their thirteen cubic
feet of water above his land.

"Q. Was there ever any talk between yourself and Mr.
King that this corporation, plaintiff, should take the water
that he had been accustomed to divert by this ditch?—A. Not
with me.

"Q. Did you understand when you were authorized to
receive rights of way you were authorized to receive any con-

veyance of ditch rights?—A. My instructions were to secure rights of way and the permission to move or take the water out..of the river at the new point of diversion."

We have not found a syllable of testimony, and none has been pointed out to us, as to any conversation with defendants or either of them as to a conveyance of any water. The consideration paid was for a right of way, the conversations related to moving the ditch to convey plaintiff's water. Defendant William King was illiterate. It does not appear reasonable that he would convey away his valuable water-right without consideration and without request from the agents of the plaintiff. Whether the clause in the deed was inserted intentionally by the agents of plaintiff does not appear. If so, it was a mistake on the part of defendants, which the plaintiff knew. (Civ. Code, sec. 3399.)

It is urged by the plaintiff that defendants' second amended answer should not have been allowed because the relief therein asked is on the ground of mistake, and is barred by the provision of subdivision 4 of section 338 of the Code of Civil Procedure.

The section provides that "an action for relief on the ground of fraud or mistake" is barred within three years. Defendants knew of the mistake more than three years before the action was commenced.

This is not an action for relief on the ground of mistake, and therefore the section has no application. It is an action in effect to determine the title to one half cubic foot per second of water claimed by plaintiff. The defendants claim that they have at all times been in possession of the one half cubic foot, and that they never conveyed it, because of the mistake in the deed. In other words, the question as to the mistake is made by way of defense to an affirmative claim made by plaintiff, and is only incidental to the main question. The water in controversy is real property. (Civ. Code, sec. 658; *Bradley* v. *Harkness,* 26 Cal. 77; *Lower Kings River etc. Ditch Co.* v. *Kings River etc. Canal Co.,* 60 Cal. 410; *Hayes* v. *Fine,* 91 Cal. 398.)

The court found that defendants' ditch was constructed in 1872, and that it has "ever since its construction been used by defendants and their predecessors and grantors for the purposes aforesaid, openly, continuously, and uninterrupt-

edly and under a claim of right exclusive of every other right and adversely as against the whole world.'' This finding is not challenged.

It was held in *Smith* v. *Mathews,* 81 Cal. 120, that the right of a grantor to have his title quieted as to land included in a deed by mistake, as against the claim asserted by the defendant under the deed, cannot become barred while the grantor remains in the actual possession of the land, claiming to be the owner thereof, and the actual owner, as against the defendant, of all interest therein except the mere naked title.

Upon the same principle the statute would not run against defendants, who have always been in possession, and claiming the water in controversy.

In the late case of *Murphy* v. *Crowley,* 140 Cal. 141, the principle of the bar of the statute in cases similar to this is fully discussed, and it was held that an action to set aside a conveyance of a tract of land alleged to have been procured by fraud and undue influence, and to quiet title thereto, was in its nature an action to recover the possession of real property within the meaning of the five years' statute of limitations prescribed by section 318 of the Code of Civil Procedure, and was not subject to the three years' limitation after discovery of the fraud under subdivision 4 of section 338 of the same code. The authorities in this state and in other states are reviewed, and in the opinion it is said: ''It seems to be established, therefore, by these cases that although the main ground of action is fraud or mistake, whereby the defendant has obtained the legal title to the land in controversy, and the chief contention between the parties is with respect to the fraud or mistake alleged, yet, if the plaintiff alleges facts which show, as matter of law, that he is entitled to the possession of the property, and a part of the relief asked is that he be let into possession, or that his title to the land be quieted, the action is in reality for the recovery of real property, and is not barred except by the five years' limitation contained in section 318. The same rule has been followed in the states of Iowa, Kansas, Missouri, and Texas. (*Williams* v. *Allison,* 33 Iowa, 279; *Reihl* v. *Likowski,* 33 Kan. 515; *Dunn* v. *Miller,* 96 Mo. 338; *Shepard* v. *Cummings,* 44 Tex. 502.)''

It is therefore plain that the defendants' right to defend

the action on the ground of mistake in the deed to plaintiff was not barred by the three years' statute. Nor was plaintiff entitled to judgment on the findings. True, the court found that plaintiff was entitled to take and divert through its ditch thirteen cubic feet of water per second from Tule River, but the finding is modified by the following: "When there is that amount of water flowing in the river at said point, after supplying the defendants with one half cubic foot of water per second at the head of their ditch as hereinafter found, but the right of plaintiff to divert and take from said river the said quantity of water is not superior to any right that defendants or either of them may have to any of the waters of said river, and that none of the rights that said defendants or either of them may have in the waters of said river are subject to the rights of plaintiff herein."

We have not overlooked the fact that parties, except in clear cases, should be held to their written contracts, and that deeds or other instruments will not be set aside or held void for light or trivial reasons. But the evidence in this case was clear and convincing to the trial judge, and with his conclusions we agree.

We advise that the judgment be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Henshaw, J., McFarland, J., Lorigan, J.