[Civ. No. 14402.   Second Dist., Div. Two.   Aug. 25, 1944.]

HOUSING AUTHORITY OF THE CITY OF LOS AN-
GELES, Plaintiff and Respondent, v. THEODORE PIR-
RONE, as Executor, etc., et al., Defendants; FANNIE
CUNNINGHAM, Appellant; FLORENCE M. ENRIGHT
as Special Administratrix, etc., et al., Defendants and Re-
spondents.

John F. Poole for Appellant.

Faries & McDowell, Leo Goodman and W. M. Greathouse
for Respondents.

McCOMB, J.—From a judgment in a condemnation action,
after trial before the court without a jury, by which judgment
Fannie R. Cunningham, hereinafter referred to as defendant,
received nothing, defendant appeals.

The essential facts are:

In 1903, Mrs. Antonio Nieto, now deceased, purchased prop-
erty in Los Angeles County described as: "The Northerly

24.95 feet of Lot 81, measured along Easterly line thereof, of Leonis Tract, as per map recorded in Book 824 Pages 123 to 126 of Deeds.''

From the time of the purchase of the property until plaintiff in the present proceeding acquired possession thereof the Nieto family had exclusive possession of the property and occupied the same as their family home. On August 10, 1914, the Tax Collector of Los Angeles County delivered to W. P. Cunningham for the sum of $10.50, a tax deed to property described as: ''The North ½ of Lot 81 of the M. Leonis Tract in the County of Los Angeles, State of California, as per Book 824, page 23, of Deeds, Records of Los Angeles County.''

On December 26, 1916, the City Treasurer of Los Angeles, upon the foreclosure of a street assessment bond, conveyed the property described in the complaint to the Empire Securities Company. On December 17, 1917, W. P. Cunningham quitclaimed the property described in the tax deed to his wife, Fannie R. Cunningham, defendant herein. On August 4, 1919, the Empire Securities Company quitclaimed the parcel of property here in question to Dora M. Tasker. In October, 1919, Dora M. Tasker sold the same property to Antonio Nieto. On December 13, 1940, B. R. Cunningham and F. B. R. Cunningham executed in favor of plaintiff an agreement by which they agreed to sell the land here involved to plaintiff. This agreement contained a provision reading thus:

''Notwithstanding the prior exercise of this offer, the Local Authority in lieu of completing the purchase of said premises may, at any time prior to closing, proceed to acquire the same by condemnation. The seller agrees, as an independent stipulation, which shall survive the expiration or cancellation of this offer, to such condemnation upon the payment of just compensation, which shall be the purchase price above stated, which price the seller hereby declares to be the fair market value of said premises, inclusive of every interest therein.''

There are two questions presented for our determination which will be stated and answered hereunder seriatim:

First: *Was the present action properly tried as an ordinary condemnation proceeding?*

This question must be answered in the affirmative. The provision quoted above from the contract between the parties expressly provides that defendant's interest might be acquired

by a condemnation proceeding. Such provision was binding upon the parties. (*Danforth* v. *United States,* 308 U.S. 271, 282 [60 S.Ct. 231, 84 L.Ed. 240]; *Wachovia Bank & Trust Co.* v. *United States,* 98 F.2d 609, 612.)

▮ Second: *Was defendant barred by sections 318 and 319 of the Code of Civil Procedure from asserting any interest or claim in or to the property described in the complaint?*

This question must also be answered in the affirmative. The law is established in California that a cause of action arising out of the title to real property, or to rents or profits of the same cannot be maintained unless the person asserting the cause of action or under whose title the action is prosecuted, or the ancestor, predecessor or grantor of such person has been seized or possessed of the property in question within five years before the commencement of the action to enforce such right or claim. (Code Civ. Proc., §§ 318 and 319; *Akley* v. *Bassett,* 189 Cal. 625, 645 [209 P. 576]; *Morrow* v. *Coast Land Co.,* 29 Cal.App.2d 92, 111 [84 P.2d 301]; *Cocking* v. *Fulwider,* 95 Cal.App. 745, 747 [273 P. 142].)

Since in the instant case the record discloses that neither defendant nor her predecessor in interest had been seized or in possession of the property in question within five years prior to the filing of the complaint, the above rule of law foreclosed defendant from establishing a right to any portion of the award made pursuant to the condemnation proceeding.

For the foregoing reasons the judgment is affirmed.

Wood (W. J.), J., concurred.

A petition for a rehearing was denied September 22, 1944, and appellant's petition for a hearing by the Supreme Court was denied October 23, 1944.