[Civ. No. 14979. Second Dist., Div. Two. Feb. 28, 1946.]

GEORGE E. HANEY et al., Appellants, v. EMMET J. KINE-VAN et al., Respondents.

Henry Sterling Gill for Appellants.

Leland Crawford for Respondents.

McCOMB, J.—From a judgment in favor of defendants in an action to quiet title to certain property located in Santa Barbara County, plaintiffs appeal.

■ This is the sole question necessary for us to determine:

*Were plaintiffs barred by the provisions of section 318 of the Code of Civil Procedure from maintaining the present action?*

This question must be answered in the affirmative and is governed by the following pertinent rules of law:

(1) An action for the recovery of real property cannot be maintained unless the person asserting the cause of action or under whose title the action is prosecuted, or the ancestor, predecessor or grantor of such person has been seized or possessed of the property in question within five years before the commencement of the action to enforce such right or claim. (Code Civ. Proc., § 318; *Housing Authority* v. *Pirrone,* 65 Cal. App.2d 566 [151 P.2d 22] and cases therein cited.)

■ (2) An action to quiet title to real property is an action for the recovery thereof within the meaning of section 318 of the Code of Civil Procedure. (*South Tule Ind. Ditch Co.* v. *King,* 144 Cal. 450, 455 [77 P. 1032]; *Townsend* v. *Driver,* 5 Cal.App. 581, 583 [90 P. 1071].)

■ (3) The burden of proof is upon plaintiffs to show that they or their ancestors, predecessors or the grantors of such persons have been seized or possessed of the property in question within five years before the commencement of the action. (*Patchett* v. *Webber,* 198 Cal. 440, 451 [245 P. 422]; *Akley* v. *Bassett,* 189 Cal. 625, 646 [209 P. 576].)

■ (4) Where no evidence is introduced in support of an issue findings should be made thereon against the party who has the burden of proof. (24 Cal.Jur. (1926), p. 945, § 189.)

■ Applying the foregoing rules to the facts in the instant case, since plaintiffs concede that there was no evidence that they were in possession of the disputed property within five years before May 10, 1938, the date the present action was commenced[*], the trial court properly found as an ultimate fact ''That it is true that the cause of action set out in plaintiffs' complaint is barred by the provisions of section 318 of the Code of Civil Procedure of the State of California.''

---

[*]In plaintiffs' opening brief they say:

''There is no evidence on either side showing complete physical possession of 'disputed strip,' either by fencing, cultivation or in any other manner, within five years before May 10, 1938, when this action was commenced.''

In view of our conclusions it is unnecessary to. discuss other points argued by counsel.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

WILSON, J.—I concur in the opinion with one exception: Since the words "or under whose title the action is prosecuted," which appear in the paraphrase of section 318 of the Code of Civil Procedure, are not a part of said section and are not necessary to a decision of this action, they should be deleted. I am averse to the interpolation of language in a statutory rule where, as here, the statute is self-sufficient.

A petition for a rehearing was denied March 18, 1946.