Filed 12/7/15  Humphrey v. Johnson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DOUGLAS HUMPHREY, | |
| Plaintiff and Appellant, | E060462 |
| v. | (Super.Ct.No. INC1207805) |
| RICHARD L. JOHNSON, | O P I N I O N |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  John G. Evans, Judge. Affirmed.

Christopher Kelley; Aron C. Movroydis; and Matthew DeArmey for Plaintiff and Appellant.

Allione & Associates and Paul R. Allione for Defendant and Respondent.

### I.  INTRODUCTION

Plaintiff and appellant, Douglas Humphrey, appeals from a judgment of dismissal following the trial court's sustaining of the demurrer of defendant and respondent,

1

Richard L. Johnson, as to plaintiff's first amended complaint for quiet title, partition, and declaratory relief. Although plaintiff raises arguments under several headings, all of his arguments are based on the position that a stipulation attached to his first amended complaint should be taken as true and the allegations of the first amended complaint should be deemed sufficient. Plaintiff also claims Johnson lacks standing to challenge plaintiff's title to the property because Johnson had no interest in the property, and Johnson's only connection to the property was to improperly change the property tax billing address to that of his agent and pay property taxes on the property through his agent.

Johnson contends, among other things, that the judgment was by consent and was therefore not appealable, and that we may disregard contrary allegations in prior pleadings and judicially noticeable matters when reviewing the trial court's ruling on the demurrer, including prior allegations which establish that the statute of limitations had run. We find no error and affirm the judgment of dismissal.

## II. FACTS AND PROCEDURAL BACKGROUND

A. *Plaintiff's Original Complaint*

On November 6, 2012, plaintiff filed a verified complaint to quiet title to real property in the City of Rancho Mirage, naming as defendants the testate and intestate successors of Val Jay Janelunas (Val) and Joseph C. Janelunas (Joseph), both deceased, all persons claiming by, through, or under Val and Joseph, and any persons claiming any right to the real property. Plaintiff alleged that title to the property was in the names of

2

Val and Joseph, and plaintiff claimed ownership in the property "by way of abandonment and as an equitable remedy as an heir" to the estate of his deceased wife, Diana Janelunas (Diana), Joseph's daughter and Val's sister. Plaintiff alleged that Diana had paid the property taxes on the property from 1986 through 1999, when she died, and that "[p]laintiff also paid property taxes after 1999 when he received the opportunity." He alleged that he had "claim to title being the successor of the individual who paid the taxes on property taxes [*sic*] for over 13 years and for preventing the property from going to auction for those years. Any adverse possession claim which Diana . . . had, passed to Plaintiff, who was the sole heir of her estate."

Plaintiff alleged, in the alternative, that Joseph and Val had severed their joint tenancy before their deaths. He alleged that Val had abandoned his interests, and Joseph "would have intended the property to go to Diana . . . or her estate as Val . . . had no issue. Val . . . should have intended the property to go to Diana . . . and her heirs because of the significant capital contributions by Diana . . . , and Plaintiff and a desire to keep the property in the family." The original defendants filed a general demurrer and a motion to strike the complaint. The trial court sustained the demurrer, finding that plaintiff "has not adequately plead [*sic*] adverse possession and fails to adequately allege abandonment and severance of the joint tenancy." The trial court granted plaintiff 30 days' leave to amend.

B. *Plaintiff's Verified First Amended Complaint*

On September 5, 2013, plaintiff filed a verified first amended complaint in which he named Johnson as a defendant and added as defendants Jana Watson, Gail Ann

3

Watson Devault, and Thomas Terry Watson (referred to collectively as the Janelunas heirs). Plaintiff alleged that Val and Joseph had acquired the property as joint tenants; Joseph died in September 1986, survived by his two children, Val and Diana, plaintiff's deceased wife. Diana died in 1999. Val died on August 24, 2002, and at the time of his death, he was the owner of the property in fee simple.

Plaintiff alleged on information and belief that Val had died intestate, that he had never married, and that he had no children. When he died, Val's parents, sister Diana, aunts, and uncles were all deceased. The Janelunas heirs, the children of Joseph's sister, were the only locatable living heirs.

In his cause of action for quiet title, plaintiff alleged that the Janelunas heirs were the only individuals who asserted any claims against the property. Plaintiff alleged: "In June of 2013, for valuable consideration, Plaintiff entered in to [*sic*] a joint stipulation with the Janelunas Heirs, whereby the Janelunas Heirs confirmed eighty-five percent (85%) interest in the Property to Plaintiff. The stipulation confirmed that [plaintiff] and the Janelunas Heirs are the only owners of the fee simple title to the Subject Property and that no other person or entities have any legal, equitable right to any title or interest in the Subject Property." Plaintiff attached as an exhibit a document titled "Stipulation for entry of interlocutory order of partition between [plaintiff] and [the Janelunas heirs]" (hereafter referred to as the stipulation).

Along with the other defendants, plaintiff named Johnson as a defendant in his first and second causes of action for quiet title and partition, and named Johnson as the

4

only defendant in his third cause of action for declaratory relief. In his declaratory relief cause of action, plaintiff alleged he owned an 85 percent fee simple interest in the property, but Johnson disputed this contention and claimed he had an interest in the property. Plaintiff sought a judicial declaration that Johnson had no interest in the property.

Johnson generally demurred to each cause of action alleged in the verified first amended complaint on the grounds plaintiff lacked standing, the claims were barred by prior judgments and precluded by collateral estoppel, and the complaint otherwise failed to state a cause of action. In his demurrer, Johnson pointed out that a complaint for quiet title must be verified (Code Civ. Proc., § 761.020) and the stipulation, which was attached to the verified first amended complaint as an exhibit but not incorporated into it, was not verified. Johnson concurrently filed a motion to strike the entire complaint. (Code Civ. Proc., §§ 435, 436.)

The trial court sustained the demurrer, ruling: "[P]laintiff does not have standing to bring a quiet title action because from the face of his pleadings he is not an interstate [*sic*] heir of Val Jay Janelunas and [the stipulation] is of no legal significance and does not confer standing upon plaintiff." The trial court granted 30 days' leave to amend, but plaintiff elected not to amend, and judgment was entered against him on December 13, 2013.

5

## III.  DISCUSSION

### A.  *Request for Judicial Notice*

On March 19, 2015, plaintiff filed a request for this court to take judicial notice of the death certificate of Val issued in the Netherlands.  Defendant moved to strike the request.  Plaintiff filed a supplemental request to which was attached the declaration of the translator of the death certificate stating:  "I . . . hereby certify that the [death certificate] is, to the best of my knowledge and belief, a true and accurate translation from Dutch to English."  The declaration was sworn to before a notary public in New York.

We reserved ruling on the request and motion to strike for consideration with the merits of the appeal.  The request is denied.  "Out-of-state declarations that do not state they were made 'under penalty of perjury . . . under the laws of the State of California' (Code Civ. Proc., § 2015.5) are not deemed sufficiently reliable to be admitted into evidence.  [Citation.]"  (*Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 604.)  Moreover, the content of the document is not useful to the resolution of any issue on this appeal.

### B.  *Appealability of the Judgment*

Johnson contends that the judgment was by consent and was therefore nonappealable.

6

1. Additional Background

The trial court granted defendant's demurrer to the first amended complaint and also granted plaintiff 30 days to amend. Plaintiff did not file an amended complaint, but instead submitted a proposed final judgment after demurrer, which stated on its face: "Plaintiff has elected not to amend its complaint and requested that this Court enter judgment forthwith." The trial court signed and filed the proposed judgment.

2. Analysis

Consent judgments are not ordinarily appealable. (*Chavez v. Carpenter* (2001) 91 Cal.App.4th 1433, 1438 ["As a general proposition, a party may not appeal a consent judgment."].) However, when a plaintiff fails or declines to amend the complaint following the sustaining of a demurrer, the trial court will enter a judgment of dismissal from which an appeal may be taken to review the correctness of the ruling on the demurrer. (See *Jeffers v. Screen Extras Guild, Inc.* (1951) 107 Cal.App.2d 253, 254.) Following the sustaining of a demurrer, the plaintiff may request entry of judgment to expedite the appeal. (See, e.g., *Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1565 [Fourth Dist., Div. Two]; *ABF Capital Corp. v. Grove Properties Co.* (2005) 126 Cal.App.4th 204, 212-213 [Fourth Dist., Div. Two].)

Johnson cites *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789-790 for the proposition that a plaintiff may not voluntarily dismiss its action without prejudice under Code of Civil Procedure section 581, subdivision (f)(2) after a demurrer is sustained with leave to amend. That case is inapposite. Plaintiff did not move to dismiss

7

his action without prejudice; he requested entry of judgment and then took his appeal from the judgment of dismissal after an order sustaining a demurrer. We therefore conclude the judgment was appealable.

C. *Johnson's Standing*

Plaintiff claims Johnson lacks standing to challenge plaintiff's title to the property because Johnson had no interest in the property, and the "minor property tax payments" that Johnson made on the property after Johnson improperly and "falsely" changed the property tax billing statement address to that of his agent, without the permission of the property's "rightful owners," does not "confer on Johnson standing in connection with the property." Plaintiff points out that in his demurrer reply, Johnson stated: "While it is completely irrelevant for purposes of demurrer, to satisfy any curiosity the court might have, Mr. Witte was Defendant Johnson's agent who made payments on behalf of Johnson and performed other administrative acts for this and other ventures."

The purpose of a general demurrer is to determine the sufficiency of the plaintiff's pleading. (Code Civ. Proc., § 430.10, subd. (e).) In his first amended complaint, plaintiff added Johnson as a named defendant. Plaintiff alleged that Johnson claimed an interest in the property and sought a judicial declaration that Johnson had no interest in the property.

Code of Civil Procedure section 762.010 requires the plaintiff in a quite title action to "name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought." In order to have standing to sue any

8

person to quiet title to property, *the plaintiff* must have an interest in the property. (*Chao Fu, Inc. v. Chen* (2012) 206 Cal.App.4th 48, 58-59.) Whether the defendant's adverse claim has merit is what the quiet title action seeks to determine. Indeed, in his first amended complaint, plaintiff alleged that Johnson had an *adverse claim* to the property but no interest in the property, and sought a judicial determination that Johnson had no interest in the property. Plaintiff's claim that *Johnson lacks standing* to challenge plaintiff's title to the property, because Johnson has no interest in the property, does not defeat Johnson's claim that the complaint fails to state a cause of action.

D. *Contrary Allegations in Prior Pleadings*

Johnson claims we may consider contrary allegations in plaintiff's original complaint and judicially noticeable matters in reviewing the trial court's ruling on his demurrer, including prior allegations establishing that the statute of limitations had run on plaintiff's claims.

1. Additional Background

As recounted above, in his original complaint plaintiff alleged that he claimed title "by way of abandonment and as an equitable remedy as an heir to the Estate of Diana Janelunas." He further alleged he claimed title as "the successor of the individual who paid the taxes on property taxes [*sic*] for over 13 years and for preventing the property from going to auction for those years. Any adverse possession claim which Diana Janelunas had, passed to Plaintiff, who was the sole heir of her estate." He identified the defendants as "'All Persons Unknown, Claiming any Legal or Equitable Right, Title,

9

Estate, Lien or Interest in the Property . . . adverse to Plaintiff's title,'" and he alleged that "[d]efendants have abandoned any interest in the property and have manifested no intention to return to ownership in the property." Plaintiff alleged: "The rights of the dispossessed owners and their testate and intestate successors to recover the land are time-barred and title to their estate is extinguished since the statute of limitations has run and the right to dispossess Plaintiff has passed."

Then, in his later-filed first amended complaint, plaintiff alleged that at the time of his death, Val owned the property in fee simple; that Val died intestate, unmarried, and without children; and that the Janelunas heirs were Val's intestate successors and the only persons who asserted an interest in the property.

2. Analysis

"'"'Generally, after an amended pleading has been filed, courts will disregard the original pleading. [Citation.] [¶] However, an exception to this rule is found . . . where an amended complaint attempts to avoid defects set forth in a prior complaint by ignoring them. The court may examine the prior complaint to ascertain whether the amended complaint is merely a sham." [Citation.] . . . Moreover, any inconsistencies with prior pleadings must be explained; if the pleader fails to do so, the court may disregard the inconsistent allegations. [Citation.] Accordingly, a court is "not bound to accept as true allegations contrary to factual allegations in former pleading in the same case." [Citation.]'" (*Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 343.)

10

Here, plaintiff originally pleaded that Joseph and Val had abandoned the property; that plaintiff's deceased wife Diana had acquired the property through adverse possession; that plaintiff had succeeded to her rights; and that the rights of all other persons were barred by the statute of limitations. "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear[s] that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action." (Code Civ. Proc., § 318.) An action to quiet title is an action for the recovery of real property within the meaning of Code of Civil Procedure section 318, and the plaintiff has the burden of proof to show that he or his predecessor or grantor was seized or possessed of the property within five years before the commencement of the action. (*Haney v. Kinevan* (1946) 73 Cal.App.2d 343, 344; see also *Safwenberg v. Marquez* (1975) 50 Cal.App.3d 301, 311-312.)

Having alleged in his original complaint that the claims of all other persons to the property had been extinguished by abandonment or adverse possession and were time-barred, plaintiff could not, without explanation, assert in his first amended complaint that he had succeeded to the rights of the Janelunas heirs. (*Larson v. UHS of Rancho Springs, Inc.*, *supra*, 230 Cal.App.4th at p. 343.) We therefore conclude the trial court did not err in sustaining defendant's demurrer to the first amended complaint.

## IV.  DISPOSITION

The judgment is affirmed.  Costs are awarded to respondent.

11

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.