[Civ. No. 1302.   Fourth Appellate District.—June 4, 1934.]

W. C. GALLAHER, Respondent, v. IOWA OIL COMPANY (a Corporation), Appellant.

James T. Barstow for Appellant.

John F. Pryor and J. L. C. Irwin for Respondent.

JENNINGS, J.—This action was instituted by plaintiff for the purpose of obtaining a decree directing defendant to issue new certificates representing shares of stock of the

defendant corporation. The relief for which plaintiff prayed is that which is provided by section 330.18 of the Civil Code. This statute provides that whenever a certificate for shares of stock issued by a domestic corporation or by a foreign corporation which maintains an office or agency for the transfer of such shares in this state has been lost or destroyed the owner thereof may bring an action against such corporation and all known claimants for the purpose of obtaining a new certificate.

The complaint which was filed on January 8, 1932, alleged in brief that during the months of February and March of the year 1901 plaintiff subscribed for 4,500 shares of the capital stock of the defendant corporation and paid the corporation therefor and that thereupon the corporation issued three certificates of stock representing a total of 4,500 shares; that said stock certificates remained in plaintiff's possession for several years thereafter until, according to plaintiff's best information and belief, they were destroyed by a fire in which the building wherein the certificates were kept was burned; that plaintiff had not assigned, indorsed, transferred, hypothecated or in any way disposed of said certificates and knew of no one who claimed an interest in them; that plaintiff had notified the defendant corporation of the loss of said certificates and demanded of said defendant that it issue new certificates in lieu of those which had been destroyed as aforesaid, but that defendant refused to comply with plaintiff's demand. The prayer of the complaint was for the entry of a decree ordering and directing defendant to issue new certificates in place of those which had been destroyed. The defendant filed an answer which contained specific denials of the various allegations of plaintiff's complaint and in addition, as a separate defense to the complaint, alleged affirmatively that plaintiff had been guilty of laches and unreasonable delay in bringing the action.

The cause was tried on the issues framed by the pleadings and upon the conclusion of the trial the court rendered a judgment in plaintiff's favor, whereby it was adjudged and decreed that the defendant issue new certificates representing a total of 4,500 shares of stock of the defendant corporation upon the express condition that plaintiff should deposit security or deliver to the court a bond to be ap-

proved by the court in the amount of $2 for each share of stock evidenced by "each of said certificates so lost or destroyed". From the judgment thus rendered, defendant has appealed.

■ Appellant's first contention on this appeal is that the trial court's finding that the certificates had been destroyed is lacking in evidentiary support. This contention is untenable. The respondent testified that he purchased 4,500 shares of capital stock of the Iowa Oil Company during the months of February and March of the year 1901; that he paid ten cents a share for the stock; that three certificates were thereafter issued to him representing a total of 4,500 shares of stock; that to the best of his recollection the certificates thus issued were destroyed in a fire which consumed the building in which the certificates were kept. Respondent's testimony to the above effect was corroborated by the testimony of the witness J. E. Viney, who testified that he was a stockholder and an original director of the appellant corporation; that in February or March of the year 1901 he sold respondent 2,000 shares of stock of the Iowa Oil Company and that he later sold to respondent an additional 2,500 shares of stock of said corporation and that certificates representing the stock were issued by the corporation to respondent. ■ The only evidence which in any way tended to discredit the above-described evidence produced by respondent consisted of the testimony of Louis Decker, who testified that he was a director and the secretary of the appellant corporation and had charge of its books until they were destroyed by a fire which occurred about ten years prior to the date of trial; that 150,750 shares of the original capital stock had been issued and were outstanding at the time of trial and that a total of 145,818 shares had been presented to the corporation for verification, leaving a total of only 4,932 shares still outstanding which had not been verified by the appellant corporation. Since respondent only claimed that he was the owner of 4,500 shares, it is obvious that the testimony of the witness Decker did not impeach or in the least discredit the testimony of respondent and that of the witness Viney, which so fully corroborated it. However, another similar action, wherein the plaintiff sought to compel the issuance of certificates representing 2,150 shares of stock

of the appellant corporation was pending in the same court and the two actions were consolidated for trial and were tried together. The total number of shares demanded by the two actions was therefore 6,650, and since Decker testified positively that only 4,932 shares were outstanding and unverified, it is urged that either the respondent herein or the plaintiff in the other action must have been mistaken in the number of shares for which he claimed to be entitled to the issuance of certificates. However, this argument, based purely on inference, did not conflict with the positive, corroborated testimony of respondent and even if it may be assumed that the effect of Decker's testimony was to question respondent's claim to the ownership of 4,500 shares the most that can be said is that the trial court was presented with conflicting evidence and that it resolved the conflict in respondent's favor, which forecloses a reviewing court from disturbing the finding that respondent was the owner of the number of shares of stock for which he demanded the issuance of certificates in accordance with the provisions of the above-mentioned statute.

Appellant's second and principal contention advanced on this appeal is that the trial court failed to make a finding on the issue of laches which, as heretofore noted, was affirmatively pleaded as a separate defense in appellant's answer. ■ Appellant concedes that it is the rule that if the record indicates that a finding of fact which was not made by a trial court would, if it had been made, necessarily have been favorable to a respondent and adverse to an appellant the latter may not successfully complain of the trial court's failure to make the finding. It is, however, here urged that, if a finding on the issue of laches favorable to appellant had been made by the trial court, it would have had substantial evidentiary support, which it is contended sufficiently demonstrates that the trial court erred in failing to make the finding. ■ A consideration of the contention thus presented requires at least a brief inquiry as to the correct definition of the term "laches".

Laches is defined in 18 Am. & Eng. Ency. of Law, second edition, page 97, as "Such neglect or omission to assert a right, as, taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity."

This language is quoted with approval in *Cahill* v. *Superior Court,* 145 Cal. 42, 46 [78 Pac. 467], and we think that it must be conceded that it comprises a correct definition of the term. It is apparent therefrom that there are three elements which are fundamental to laches. These are, first, an omission to assert a right; second, a delay in the assertion of the right for some appreciable period of time; and, third, the presence of circumstances which would cause prejudice to an adverse party if assertion of the right is upheld. We think that it must be conceded that mere delay in asserting a right, unaccompanied by any showing of prejudice to an adverse party, is not alone sufficient to sustain the defense of laches. (*Cortelyou* v. *Imperial Land Co.,* 156 Cal. 373, 379 [104 Pac. 695].) █ It is here urged that respondent's complaint showed on its face that a period of approximately twenty-eight years intervened between the time that respondent alleged the certificates were destroyed and the commencement of this action to obtain the relief provided by section 330.18 of the Civil Code, and that the inevitable effect produced by this unexcused delay was to render it impossible for appellant to produce evidence negativing respondent's claim of ownership of the stock represented by the certificates which were alleged to have been destroyed. However, we must assume that appellant is primarily interested in determining the true owners of shares of stock. Certainly, we cannot assume that appellant, under the circumstances presented by the record, is taking the position of an adversary seeking to bar a true owner of stock, who has had the misfortune to have the evidence of his ownership destroyed, from asserting his right of ownership and from obtaining the relief afforded by the statute.

The trial court found that respondent purchased the stock, that certificates evidencing his ownership of the shares of stock were issued by the corporation and delivered to him, that he had never indorsed, assigned, transferred or hypothecated these certificates, and that while the certificates were in his possession they were destroyed by fire. The finding that the certificates were destroyed, although it is not a specific finding to this effect, being merely a general finding that the allegation of respondent's complaint setting forth "according to the best information and belief

of plaintiff'' that the certificates were destroyed by fire is true, is, we think, a sufficient finding that the certificates were destroyed by fire when it is borne in mind that the only allegation respecting the loss or destruction of the certificates which is contained in the complaint is as above described and the evidence amply supports a finding that the certificates were destroyed by fire. Since the trial court has made a finding having ample evidentiary support that the certificates were destroyed, how can it be argued that there is any evidence which tends to show that appellant will suffer any prejudice by granting to respondent the relief which is here sought? Obviously, since it has been satisfactorily established that respondent is the true owner of the stock and that the certificates which evidenced his ownership are no longer in existence, appellant cannot successfully contend that· at some future time some other person may come forward and make the claim that he is the owner of these same certificates. Furthermore, in this connection, it must be observed that the decree which granted to respondent the relief for which he prayed expressly provided that as a condition of the judgment respondent was required to ''deposit security or deliver to the court a bond to be approved by the court in the amount of $2.00 for each share of stock evidenced by each of said certificates so lost or destroyed''. This provision was inserted in the judgment in conformity with the provisions of section 330.18 of the Civil Code, which requires that the court ''shall order, as a condition of the judgment, that the plaintiff shall deposit adequate security, or deliver to the court such bond, approved by the court, as will be sufficient to protect and indemnify the corporation, its transfer agents and registrars, and also any person having any rights under the certificate alleged to be lost or destroyed, against loss, expense, or liability''. Another provision of the statute specifies that the sole remedy against the corporation of any person claiming rights under the old certificate canceled by decree of the court shall be a claim for damage for conversion as of the date of the issue of the new certificate, ''and in an amount not greater than the amount of any such bond or security''. The requirement as a condition of the judgment that respondent deposit security or a bond in the amount of $2 per share of stock, which the

evidence indicated was the market value of the stock at the time of trial, furnishes adequate protection to appellant and demonstrates that the corporation will suffer no prejudice from granting to respondent the relief for which he prayed in his complaint. It is, therefore, our opinion that the failure of the trial court to make a finding on the issue of laches was not, under the circumstances presented by the record, reversible error.

The judgment from which this appeal has been prosecuted is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.