[Civ. No. 11121.   First Appellate District, Division Two.—January 25, 1940.]

SILVER BURDETT COMPANY (a Corporation), Plaintiff and Appellant, v. STATE BOARD OF EDUCATION OF CALIFORNIA et al., Defendants and Appellants.

C. Harold Caulfield and Edward D. Keil for Plaintiff and Appellant.

Earl Warren, Attorney-General, and F. Walter French, Deputy Attorney-General, for Defendants and Appellants.

SPENCE, J.—Plaintiff sought a writ of mandate to compel the defendant Walter F. Dexter, as secretary of the State Board of Education, to sign a certain written contract on behalf of said board and also to compel all of the defendants to recognize said contract and do certain acts pursuant thereto. The proceeding was brought against defendants in their individual as well as their official capacities. Defendants, appearing in their individual capacities, filed a demurrer and further said defendants, appearing in their official capacities, filed a separate demurrer. After a hearing, the court ''ordered the demurrer to the petition overruled'', and entered its judgment granting a peremptory writ of mandate. In said judgment, it was recited that it appeared the writ should issue as to defendant Dexter, as secretary, and that the writ should not issue as to any of the other defendants. The writ was ordered to issue in accordance with said recitals. Defendant Dexter, as secretary, took an appeal from the portion of said judgment ordering the writ to issue. Plaintiff took an appeal from the portion of the judgment which denied any further relief to plaintiff. Prior to taking his appeal defendant Dexter, as secretary, has noticed a motion for an order setting aside said judgment and permitting him to file an answer. The proposed answer was attached to the notice. This motion was denied and defendant Dexter took a separate appeal from the order denying said motion. The three appeals above mentioned are consolidated herein. There is also before this court a motion of certain defendants to dismiss the appeal of plaintiff, which motion is grounded upon the claim that said appeal was not taken within the time prescribed by law.

Our consideration of the questions presented upon the merits of the various appeals leads us to the conclusion that the judgment and order should be affirmed and we are therefore of the view that it becomes unnecessary to consider the question raised on the motion to dismiss plaintiff's appeal. Said motion may be dismissed as the dismissal thereof cannot result in prejudice to the moving parties.

The main controversy arises out of the refusal of defendant Dexter, as secretary, to sign on behalf of the board a certain written contract with plaintiff after said board had considered various text books submitted to it and had adopted certain text books submitted by plaintiff for use in the ele-

mentary schools of this state. The resolution of adoption set forth the terms and conditions and provided "that the officers of the board be directed to enter into a contract" with plaintiff. The contract was prepared pursuant to the resolution and was signed by plaintiff and by the president of the board acting on behalf of said board. Defendant Dexter, as secretary, refused to sign said contract and this proceeding was instituted.

### Appeals of Defendant Dexter.

On the appeal from the judgment, defendant Dexter contends that the trial court erred in overruling his demurrer to the petition and, on the appeal from the order, said defendant contends that the trial court abused its discretion in denying his motion to set aside the judgment and to permit said defendant to answer. These contentions are closely related for if the material allegations contained in the petition were sufficient as against the demurrer, no issue as to any material fact was made by the proposed answer and the entire controversy involved merely a question of law. Under these circumstances it was not an abuse of discretion to deny said defendant's motion. (See *Private Investors* v. *Homestake Min. Co.*, 11 Cal. App. (2d) 488 [54 Pac. (2d) 535].)

We therefore turn to the question of the sufficiency of the petition as against the demurrer interposed by said defendant. The main attack made by said defendant is that the petition failed to allege in so many words that the state curriculum commission had been given a "public hearing" by said board before making the adoption of said text books. This attack is based upon section 6.265 of the School Code, which reads, "The state board of education must give the state curriculum commission a public hearing before making any adoption of textbooks for use in the elementary schools of this state." This attack is answered by plaintiff first, by the claim that the allegations of the petition, as well as the admissions of the proposed answer, were sufficient to show that the commission had been given a "public hearing" within the meaning of said section and second, by the claim that under the provisions of article IX, section 7, of the Constitution, the board had the power to adopt text books and that no statutory provisions relating to such adoption could be made mandatory upon the board. We are of the opinion

that the first answer made by plaintiff is sufficient and that it is therefore unnecessary for us to pass upon the second.

Before considering the allegations found in the petition, it appears appropriate to consider the relationship which the statutes establish between the state curriculum commission and the state board of education. Said commission is of recent origin having been created in 1927. (Stats. 1927, p. 376.) It is conceded that the commission acts in a purely advisory capacity to said board, that it has the power only to make recommendations to said board and that such recommendations are in no way binding upon said board. (School Code, secs. 6.263 and 6.264.)

It was alleged in the petition that on or about January 22, 1937, the commission was notified at its regular meeting that the board had called a meeting for January 30, 1937, for the purpose of making an adoption of language text books for the elementary schools; that the commission adopted a resolution requesting additional time to prepare its recommendation; that in pursuance of the request of the commission, the board postponed its consideration of the adoption of said text books until February 27, 1937; that thereafter the commission duly adopted a report and recommendation and on February 27, 1937, the commission "presented its report and recommendation on the adoption of language text books for elementary schools to the state board of education at the regularly called and scheduled meeting of said state board"; and that thereafter and on said February 27, 1937, the board accepted the bid of plaintiff and directed its officers to enter into the contract with plaintiff.

We are of the opinion that these allegations were sufficient to show that the commission had been given a "public hearing" within the meaning of the statute. The meetings of the board are public meetings and it was alleged that the commission presented its report and recommendation at a regular meeting of the board. The term "public hearing" has been defined in various ways and its meaning no doubt varies depending upon the subject of the hearing, the nature of the board or person holding the hearing and nature of the board or person to be heard. It has been said that the meaning of a word may vary and so too may the meaning of combinations of words. In *Towne* v. *Eisner*, 245 U. S. 418, the court, speaking through Mr. Justice Holmes, said at page 425 [38

Sup. Ct. 158, 62 L. Ed. 372, L. R. A. 1918D, 254], "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." In the present case, the term "public hearing" was not used with respect to a proceeding in which the constitutional rights of any person might be affected. The subject before the board of education was the adoption of text books for use in the public schools and no question of the right of any person to life, liberty or property was involved. For this reason, many of the authorities defining "public hearing" cannot be considered in point. The hearing here was one to be accorded by one administrative body, namely the board of education, to its purely advisory board, namely, the curriculum commission, and in our opinion the allegations showing that the commission had actually presented its report and recommendation at a public meeting of the board was equivalent to an allegation that the commission had been given the "public hearing" required by the statute.

Defendant Dexter further contends that his special demurrer should have been sustained. He first argues this contention from the standpoint of alleged laches. He points to the fact that the complaint showed that more than a year had elapsed between the time of the adoption of plaintiff's text books by the board and the time this proceeding was commenced. But the mere lapse of time alone does not require the denial of the relief requested unless the circumstances are shown to be such that the delay has resulted in prejudice. (*Gallaher* v. *Iowa Oil Co.*, 139 Cal. App. 100 [33 Pac. (2d) 439].) There was nothing on the face of the complaint to indicate that prejudice had resulted and furthermore no such issue was tendered by the proposed answer of defendant Dexter. Said defendant argues other grounds of his special demurrer but we find no merit in any of them. We conclude that there was no error in overruling said demurrer and that there was no abuse of discretion in denying the motion to set aside the judgment and to permit said defendant to answer.

### Appeal of Plaintiff.

As above stated, plaintiff appealed from the portions of the judgment denying further relief to plaintiff. Plaintiff states the relief denied was a direction to the board (1) to

recognize the contract and give it effect; (2) to cause the books adopted to be published; (3) to issue an order requiring the uniform use of said books; and (4) to enforce the uniform use of said books. On the first page of its brief, plaintiff states the question on plaintiff's appeal as follows: ''Where a contract has been entered into between the state board of education and petitioner for certain text books, will the purchase and distribution of such books in accordance with the school code provisions be enforced by mandate?''

This question and plaintiff's affirmative answer thereto are premised upon the statement that the contract has already been entered into. We cannot accept this premise as it is contrary to the facts as alleged by plaintiff in seeking to compel the execution of such contract by defendant Dexter. The writ of mandate may be issued ''to compel the performance of an act which the law specially enjoins'' (Code Civ. Proc., sec. 1085), and until such contract is executed, the law does not enjoin the performance of the above-mentioned acts upon said defendants. In any event, the granting or refusing of the writ rests to a large extent within the discretion of the court to which the application is made (16 Cal. Jur. 768), and we find no error or abuse of discretion in the refusal of the trial court to issue the writ directed to the defendants other than the defendant Dexter.

The motion to dismiss plaintiff's appeal is dismissed and the judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 24, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1940. Shenk, J., and Carter, J., voted for a hearing. Gibson, J., did not participate.