46 Cal.App.2d 855 (1941)
RAY PECK, as Administrator, etc., Appellant,
v.
BARBARA MARTINEZ et al., Defendants; JOE ANDERSON, Respondent.
Civ. No. 12599. 
California Court of Appeals. Second Dist., Div. One. 
Sept. 26, 1941.
 Barry Sullivan for Appellant.
 David E. Hinckle for Respondent.
 WHITE, J.
 This action was brought to quiet title to certain real property. The first cause of action alleged only that "The plaintiff for cause of action shows to the Court that he has an estate in, interest in, or lien or encumbrance upon, the following described property [describing the same] and that the defendants claim a certain estate or interest in, or lien upon, the same adverse to the plaintiff." The second and third causes of action were dismissed. The fourth cause of action alleged that the defendants were in possession of the described real property and were illegally and unlawfully collecting the rents therefrom. *856
 The defendants filed a general and special demurrer to the complaint, and following the action of the trial court in sustaining the demurrer with leave to amend and the declination of plaintiff to offer an amendment, a judgment of dismissal was entered, from which judgment this appeal is taken. It also appears that plaintiff dismissed his first cause of action as to defendant Barbara Martinez.
 We deem it necessary to notice but one point raised by the demurrer, because that point seems fatal to the complaint and to furnish a justification for the ruling of the trial court. The point in question is "that said complaint is uncertain in that it cannot be ascertained therefrom, and particularly from paragraph II of the first cause of action, what right, if any, plaintiff has in the land to which he seeks to quiet title."
 [1] It is of course elementary and fundamental that the complaint must state facts sufficient to constitute a present cause of action and to show that the plaintiff is entitled to relief as of the time the complaint is filed. The averments of the complaint must be express and not left to inference, and must affirmatively allege an interest existing at the time the suit is brought. Such title must be stated with sufficient certainty to enable the court to see that the plaintiff has such a right as warrants judicial interference. He must show the nature of his right or title against which defendant asserts an adverse claim. He cannot simply allege, as in the case at bar, that he has "an estate in, interest in, or lien or encumbrance upon" the property. Defendant was entitled to a distinct statement of the facts which plaintiff claimed to exist, viz., whether he claimed ownership of, or a lien upon, or an encumbrance upon the property in question; and it is no answer to an objection to averments made in the alternative, as in the instant case, to say that if either averment is true plaintiff has stated a cause of action. The demurrer was properly sustained upon the grounds of uncertainty and ambiguity.
 For the foregoing reasons, the judgment is affirmed.
 York, P. J., and Doran, J., concurred.