[Civ. No. 25565. Second Dist., Div. Two. Jan. 19, 1962.]

GUY N. STAFFORD, Plaintiff and Appellant, v. GLEN-
WOOD BALLINGER et al., Defendants and Respond-
ents.

Guy N. Stafford, in pro. per., for Plaintiff and Appellant.

R. Leslie Sparks, James F. Healey, Jr., Arthur G. Bowman, Donald J. Burdine, Frank X. Ball and John R. Engman for Defendants and Respondents.

FOX, P. J.—Appellant seeks to acquire title to certain real property either through a judgment quieting title or by a decree of specific performance; he also asks damages as an alternative to these remedies.

Respondents' demurrers to appellant's third amended complaint were sustained without leave to amend. Appellant, however, served and filed a fourth amended complaint. Respondents moved to strike this last pleading and to dismiss the action as to them. These motions were granted and judgments of dismissal as to respondents were entered. Appellant has appealed from these judgments.

In form, appellant has alleged two causes of action. The first is a conventional pleading to quiet title; the second sets forth in detail the facts and circumstances upon which appellant's claim of title is based.

█ In an action to quiet title, the complaint should allege, *inter alia*, the interest of the plaintiff in the property at the time the action is commenced. (*Peck* v. *Martinez*, 46 Cal.App.2d 855, 856 [117 P.2d 7].) █ If plaintiff owns the property in fee, a general allegation of ownership of the described property is sufficient. (*Meyer* v. *O'Rourke*, 150 Cal. 177, 178 [88 P. 706].) █ However, a general allegation of ownership is treated as a conclusion if the detailed facts upon which the claim of ownership is predicated are also alleged, and in such case, the specific facts will control rather than the general allegation in determining whether the complaint states sufficient facts to constitute a cause of action. (*Gruwell* v. *Seybolt*, 82 Cal. 7, 9 [22 P. 938] ; *Carlson* v. *Lindauer*, 119 Cal.App.2d 292, 302 [259 P.2d 925] ; *Lucas* v. *Sweet*, 47 Cal.2d 20, 22 [300 P.2d 828].) Actually, in such circumstances only one cause of action is stated. (*Ephraim* v. *Metropolitan Trust Co.*, 28 Cal.2d 824, 832 [172 P.2d 501].) █ Accordingly, if the specifically pleaded facts affirmatively reveal the absence of an essential element in a plaintiff's claim of title, no cause of action is stated. (*Martin* v. *Hall*, 219 Cal. 334, 338 [26 P.2d 288] ; *Ephraim* v. *Metropolitan Trust Co.*, *supra*; *Shive* v. *Barrows*, 88 Cal.App.2d 838, 842 [199 P.2d 693].)

In his second cause of action appellant alleges that on July 24, 1940, A. M. Cravath was the owner of Lot 21, Block

19 of Athens, County of Los Angeles, State of California, as per map recorded in Book 8, pages 146-147 of Maps, in the office of the County Recorder in said county and state; that on said date appellant purchased said lot from Cravath for $400; that he made a down payment of $50; that the balance of $350 was to be paid within five days; that Cravath agreed to deliver a deed conveying said lot to appellant when the balance was paid; that Cravath signed and delivered to appellant a document reading: "July 24, 1940. Received of Guy N. Stafford Fifty and no/100 dollars on the purchase of lot 21 Blk 19 of Athens. Bal of $350.00 to be paid at Security First Nat'l Bank 47 and Brdy., within 5 days. Lot sold subject to oil lease of record and taxes 1939-1940. A. M. Cravath." Cravath further agreed to deliver evidence that said lot was free and clear except for said oil lease and taxes when he delivered a deed to the lot to appellant.

Appellant further alleges that on August 10, 1940, he was informed by Cravath that he considered the sale of July 24, 1940, to be without effect and that the lot was not for sale; that Cravath did not return or offer to return the down payment; that soon thereafter appellant contacted Cravath and offered to complete the sale; that Cravath refused to complete the transaction.

In September 1940, appellant executed and delivered a deed conveying the lot here in question to David Owen and wife, which deed contained the following recital: "And particularly my interest in that agreement of purchase dated July 24, 1940, signed A. M. Cravath"; in the following November Owen and wife deeded the lot back to appellant; both deeds were duly recorded.

In April 1955, defendant Leaver informed appellant that he was negotiating with Cravath for the purchase of Lot 21 and had obtained a title report from respondent Title Insurance and Trust Co., which disclosed that appellant had an interest in this lot by reason of two quitclaim deeds; appellant advised Leaver of his claim of ownership and basis therefor. Leaver thereupon informed appellant that he would discontinue negotiations for the property.

Appellant also alleges that about 30 days prior to filing this action he discovered, upon searching the official records, that Leaver had caused the Cravaths (title to the lot had previously been converted into a joint tenancy between Cravath and his wife) to convey Lot 21 to Arlene E. Rowland,

294

a business associate; that in July 1955, Rowland deeded the property to respondent Ballinger.

Appellant alleges that prior to Rowland taking title to the lot she knew of appellant's interest in it; and charges that Leaver and Rowland entered into a conspiracy to defeat appellant's rights therein.

It is further alleged that prior to respondent Ballinger taking title to the lot that respondent Title Insurance Co. issued a title report to the United Escrow Co., which was handling the Rowland-Ballinger escrow showing the quitclaim deed by appellant to Owen and wife of this property in September 1940 with the reference therein to the transaction between appellant and Cravath of July 24, 1940, and the quitclaim back to appellant in November 1940 by Owen and his wife; that respondent Ballinger was unwilling to accept a deed to Lot 21 without a policy of title insurance which did not mention these two deeds; that respondent Title Insurance Co. then deleted mention of these two deeds and insured the title of the lot to be in Ballinger, free and clear of any interest of appellant therein; that Ballinger thereupon accepted the deed to the property and policy insuring the title; that Ballinger became a part of the Leaver-Rowland conspiracy to deprive appellant of his rights in said lot. Finally, it is asserted that when the Title Insurance Co. insured the title of respondent Ballinger it knew of appellant's interest in Lot 21; that the Title Insurance Co., by insuring Ballinger's title to the lot "tended to concur in said conspiracy between said other parties"; that appellant has suffered loss and detriment by the aforesaid actions of respondents in excess of $10,000.

It appears that Cravath died in 1958 and Rowland died in April 1960.

The foregoing summary of the allegations in appellant's third amended complaint affirmatively reveals the absence of an essential fact in his claim of title, and, therefore, that he fails to state a cause of action against respondents. The allegations disclose that appellant does not have legal title to the property in question; that respondent Ballinger is alleged to be the legal owner, having acquired his title by mesne conveyances from A. M. Cravath and wife. At most, it appears that appellant may at one time have acquired some equitable rights by virtue of his deal with Cravath under date of July 24, 1940. It has been held consistently that the owner of an equitable interest cannot maintain an action

to quiet title against the owner of the legal title. (*G. R. Holcomb Estate Co.* v. *Burke,* 4 Cal.2d 289, 297 [48 P.2d 669]; *South* v. *Wishard,* 123 Cal.App.2d 642, 653 [267 P.2d 827].) ▮ It is thus apparent that the third amended complaint does not state a cause of action to quiet title to Lot 21.

▮ Further examination of the allegations in appellant's third amended complaint discloses that any cause of action he may have had is barred by statutes of limitation.

No action for the recovery of real property can be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the property within five years before commencement of the action. (Code Civ. Proc., § 318.) ▮ Also, the burden is on the plaintiff to show the requisite seizin or possession. (*Haney* v. *Kinevan,* 73 Cal.App.2d 343, 344 [166 P.2d 361].)

In like manner section 319, Code of Civil Procedure, applies "to actions for rent or damage to real property, or the like." (*Crane* v. *French,* 39 Cal.App.2d 642, 648 [104 P.2d 53].)

An action upon any contract, obligation or liability founded upon an instrument in writing must be commenced within four years. (Code Civ. Proc., § 337, subd. 1.)

▮ A pleading that shows on its face that the cause of action is barred by limitations is subject to demurrer. (*Williams* v. *International Longshoremen's & Warehousemen's Union,* 172 Cal.App.2d 84, 87 [341 P.2d 729].) In such circumstances if there are any facts which will obviate the running of the statute of limitations it is incumbent upon the pleader to allege such facts.

▮ Appellant alleges that the contract of sale was executed on July 24, 1940, with full payment of the purchase price to be made within five days; that the seller, A. M. Cravath, repudiated the sale on August 10, 1940; that soon thereafter appellant sought to complete the sale but Cravath again refused to perform. Appellant has failed to allege either seizin or possession of the property within five years prior to filing this action. Also, a repudiation and breach of the contract by the seller, Cravath, is alleged to have occurred in August 1940. Appellant then had four years within which to file an action to enforce his rights thereunder but failed to do so until some 17 years had elapsed. Furthermore, nothing is pleaded which discloses any disabilities or suspension of the statute of limitations.

296

█ Appellant's charges of fraud on the part of Leaver, Rowland and others are not germane to the alleged infringement of his right in Lot 21. This is also true of his attempt to raise an estoppel against respondents' pleading the statute of limitations. These contentions simply overlook the basic proposition that the alleged breach of the Cravath contract occurred in August 1940, and that any cause of action based thereon accrued at that time. The fraudulent acts charged against Leaver, Rowland and others are alleged to have commenced in April, 1955—nearly 15 years after the alleged breach of contract by Cravath.

█ Appellant's third amended complaint also shows on its face that any cause of action that appellant may have had is barred by laches. █ The basic elements of laches are: (1) an omission to assert a right; (2) a delay in the assertion of the right for some appreciable period; and (3) circumstances which would cause prejudice to an adverse party if assertion of the right is permitted. (*Gallaher* v. *Iowa Oil Co.*, 139 Cal.App. 100, 105 [33 P.2d 439].)

█ Laches may properly be raised by a general demurrer where the facts showing laches appear on the face of the complaint. (*Converse* v. *Joslin*, 176 Cal.App.2d 638, 645 [1 Cal. Rptr. 777]; Witkin on Calif. Procedure, p. 1477.)

█ Here, the third amended complaint not only disclosed a delay of 17 years in commencing the action, but also prejudice to respondents through a change in position by virtue of subsequent sales of the property, the death of Cravath, the seller, and Rowland, his grantee, and the property's increase in value.

Even assuming that the changes in ownership of the property do not prejudice respondents, the death of Cravath undoubtedly removed their most important witness and the death of Rowland virtually deprives them of any witness at all. █ Death of important witnesses may constitute prejudice. (*Converse* v. *Joslin, supra.*)

█ In addition, the original sale price under the alleged contract with Cravath was $400, but in his original complaint which is included in the settled statement on appeal, the lot is said to have a value of $5,000. It is thus apparent that the equitable remedy of specific performance is not here appropriate.

█ Appellant argues, in effect, that constructive notice of his asserted rights was given by recording his deed to Owen and wife and their deed back to him. The rule, how-

ever, is that an instrument executed by a stranger to the record title, even though he may actually hold an interest, is not constructive notice to subsequent purchasers or encumbrancers from the record owner. (*Garber* v. *Gianella*, 98 Cal. 527, 592 [33 P. 458]; *Bothin* v. *California Title Ins. & Trust Co.*, 153 Cal. 718, 724 [96 P. 500, Ann.Cas. 1914D 634]; *Ludy* v. *Zumwalt*, 85 Cal.App. 119, 133 [259 P. 52].)

In the *Ludy* case the court stated at page 133: ". . . the recordation of a deed by a party to whom such instrument purports to convey real property in which he has no interest or with the record title to which he has no connection will not and cannot have the effect of imparting notice to the real owner of the property or the public of such conveyance."

As a stranger to the title, appellant was attempting to do indirectly what he could not do directly, viz., record the alleged contract of sale with Cravath because it was not acknowledged by the seller and therefore could not be recorded. These two deeds were not within the chain of title and, at most, constituted a cloud on the title.

Even if we construe appellant's third amended complaint as sufficiently alleging that respondent Ballinger had actual notice in July 1955 of these two deeds, the knowledge that this would have produced is no more than what appellant has alleged, viz., a stale claim. Certainly new life could not be breathed into a claim already barred by the statute of limitations.

There is no merit whatever in appellant's contention that the court committed prejudical error in granting respondents' motion to strike his fourth amended complaint which had been served and filed. It will be recalled that the court had previously sustained the demurrers of respondents without leave to amend. Notwithstanding such ruling appellant served on respondents and filed his fourth amended complaint.

Section 435, Code of Civil Procedure, expressly provides for the filing of a notice of motion to strike a complaint in whole or in part. Thus an amended complaint filed without permission may be stricken upon motion. (*W. H. Marston Co.* v. *Kochritz*, 80 Cal.App. 353, 358 [251 P. 959].) This may be done under the inherent powers of the court, apart from statute, to prevent frustration, abuse, or disregard of court processes. (*Neal* v. *Bank of America*, 93 Cal.App. 2d 678, 682 [209 P.2d 825].) It was then proper to dismiss

the action as to these respondents. (*Cunha* v. *Anglo Calif. Nat. Bank,* 34 Cal.App.2d 383, 388 [93 P.2d 572].) When a demurrer to a complaint has been sustained without leave to amend, the only judgment which properly may be entered is a dismissal of the action. (*Berri* v. *Superior Court,* 43 Cal.2d 856, 860 [279 P.2d 8].)

Judgments affirmed.

Herndon, J., concurred.

Ashburn, J., being disqualified, does not participate herein.

A petition for a rehearing was denied February 13, 1962. Ashburn, J., did not participate therein. Appellant's petition for a hearing by the Supreme Court was denied March 14, 1962.