Filed 2/10/21  Tianjin Weinada Internat. Trading Co. v. Tianjin Tianwu Internat. Trade Development Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIANJIN WEINADA INTERNATIONAL TRADING CO., LTD., | G057707 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 30-2014-00727077 |
| v. | 30-2016-00861293 & 30-2016-00861338) |
| TIANJIN TIANWU INTERNATIONAL TRADE DEVELOPMENT CO., LTD., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Reversed.

DeHeng Chen, Dean T. Cho; DeHeng Law Offices and Kyle A. Hampton, for Defendant and Appellant.

Law Offices of William L. Niu, William L. Niu; Maynard Cooper & Gale, Richard C. Macias, Judy Man-Ling Lam; Esner, Chang & Boyer, Stuart B. Esner, Andrew N. Chang and Kevin K. Nguyen, for Plaintiff and Respondent.

\*          \*          \*

Tianjin Tianwu International Trade Development Company (Tianwu) appeals from a judgment in favor of respondent Tianjin Weinada International Trading Company (Weinada), quieting title and imposing a constructive trust on a piece of real property located on Trotter Lane in Yorba Linda (Trotter Property). Tianwu argues the trial court erred in granting Weinada relief on the basis Tianwu was on constructive notice of a lis pendens recorded in another action. As discussed further below, we agree with Tianwu's contention that Weinada failed to show at trial it was entitled to relief on its quiet title and constructive trust claims. We further conclude Weinada's interest in the Trotter property cannot be adjudicated because no judgment was entered in the other action. Accordingly, we reverse.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

Tianwu and Weinada are in the business of importing vehicles to China. In August 2013, Tianwu paid Pei Yi Sun over $2 million dollars for 33 luxury cars, which Sun never delivered to Tianwu. In January 2014, Weinada paid over $2 million to Yang Wang and his company Pinland, Inc., for 29 luxury cars, which Wang and Pinland never delivered to Weinada. Weinada later discovered Wang and Pinland had used the money to purchase the Trotter Property.

In April 2014, Weinada sued Wang and Pinland for failing to deliver the cars (Breach of Contract Action), and recorded a lis pendens against the Trotter Property. In May 2014, Wang and Pinland fraudulently transferred the Trotter Property to Sun. In February 2015, the superior court expunged the lis pendens because of deficiencies in Weinada's service of process.

---

[1] Because Tianwu concedes the material facts are undisputed and raises only legal challenges to the judgment, the factual summary is presented in the light most favorable to the judgment.

In March 2016, Weinada secured a judgment against Wang, Pinland, and Sun, who had been added as a defendant. The judgment voided the fraudulent transfer of the Trotter Property to Sun, and imposed a constructive trust on the title of the property in favor of Weinada, and against Wang, Pinland, and Sun, to satisfy the sum of $1,854,243 from a money judgment totaling over $3 million. This court rejected Tianwu's purported appeal of the judgment in an unpublished decision, concluding Tianwu lacked standing to appeal because, among other reasons, the judgment was not binding on Tianwu. (See *Tianjin Weinada International Trading Co., Ltd. v. Tianjin Tianwu International Trade Development Co., Ltd.* (Nov. 11, 2017, G053371) [nonpub. opn.])

While the Breach of Contract Action was pending, on June 9, 2014, Weinada filed a second action against Wang, Pinland, and Sun, alleging claims arising from the fraudulent transfer of the Trotter Property ("Fraudulent Transfer Action). The same day Weinada recorded a second lis pendens against the Trotter Property. Two days later, Sun transferred the Trotter Property to Tianwu via a grant deed, which stated that it was a "reconveyance of realty upon satisfaction of a debt." In August 2014, Weinada added Tianwu as a defendant in the Fraudulent Transfer Action, and on December 22, 2014, Weinada delivered a copy of the lis pendens to Tianwu's agent. On June 30, 2016, Weinada dismissed Tianwu without prejudice.

Concurrent with its dismissal of Tianwu, Weinada filed a complaint against Tianwu only, asserting causes of action for quiet title and constructive trust (Quiet Title Action). On July 5, 2016, Weinada recorded a third lis pendens on the Trotter Property. Weinada then filed a Notice of Related Cases for the Fraudulent Transfer Action and the Quiet Title Action, and on June 12, 2017, the superior court granted Weinada's motion to consolidate the two actions for trial.

Following a bench trial, on August 20, 2018, the trial court issued an oral statement of decision. After noting Tianwu's admission it did not inspect the title to the Trotter Property before acquiring the property, the trial court found Tianwu was on

3

constructive notice of the lis pendens on the Trotter Property before Tianwu was purportedly deeded it.  The court rejected Tianwu's argument it was not bound by the lis pendens because it was dismissed from the Fraudulent Transfer Action on July 12, 2016, explaining the dismissal did not equate to being "the victor in that case."  Finally, the trial court found by clear and convincing evidence that Tianwu was not a good faith purchaser, and title should be quieted in Weinada's name pursuant to a constructive trust in the amount awarded in the Breach of Contract Action.

On February 8, 2019, a judgment was entered in favor of Weinada and against Tianwu on Weianda's claims for quiet title and constructive trust.  Although the judgment has a caption listing the case number for the Fraudulent Transfer Action and the named defendants in that case (Sun, Pinland, and Wang), it does not reference or address the claims in the Fraudulent Transfer Action.

II

DISCUSSION

Tianwu challenges the February 8, 2019, judgment on numerous legal grounds.  Because the material facts are undisputed or the claims involve pure questions of law, we independently review Tianwu's contentions.  (*Le v. Pham* (2010) 180 Cal.App.4th 1201, 1205.)

Tianwu argues Weinada failed to show it was entitled to relief on the quiet title or constructive trust causes of action.  We agree.  There was no viable quiet title claim because Weinada lacked standing to bring a quiet title action.  At best Weinada had an equitable interest in the Trotter Property, and the holder of equitable title cannot bring a quiet title action against the legal owner (here, Tianwu).  (See *Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1866, citing *Stafford v. Ballinger* (1962) 199 Cal.App.2d 289, 294-295.)

Citing *BGJ Associates v. Superior Court* (1999) 75 Cal.App.4th 952 (*BGJ Associates*), Weinada argues it had legal title to the Trotter Property because the Breach

4

of Contract Action judgment granted a constructive trust on the title of the Trotter Property.  We disagree.

In *BGJ Associates*, the appellate court addressed whether the trial court properly expunged a lis pendens where the plaintiffs alleged a constructive trust claim. In its discussion, the court noted:  "Where partners or joint venturers have agreed to buy a specific parcel of real property, and one partner or joint venturer, in breach of a fiduciary duty, wrongfully acquires it in his own name, the other partner or joint venturer may bring an action to impose a constructive trust and require the wrongdoing partner or joint venturer to convey the appropriate share of the legal title." (*Id.* at p. 970.)  *BGJ Associates* is distinguishable because Weinada and the defendants in the Breach of Contract Action were not partners or joint venturers.  More important, the constructive trust imposed in the Breach of Contract Action did not require the defendants to convey legal title to Weinada.  Thus, Weinada never had legal title to the Trotter Property.

As to the constructive trust claim, Weinada failed to establish Tianwu engaged in any wrongdoing.  As both parties note, a constructive trust may be imposed on "[o]ne who gains a thing *by* fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (Civ. Code, § 2224, italics added.)  Weinada argues Tianwu's negligence in failing to inspect title to the Trotter Property "before its purported acquisition of title" "constituted a wrongful act to justify imposition of a constructive trust."  As Weinada's own argument reflects, Tianwu's failure to inspect title, even if a wrongful act within the meaning of Civil Code section 2224, did not result in its acquisition of the Trotter Property.  Tianwu did not acquire the Trotter Property *by* a wrongful act.  Accordingly, Weinada failed to establish it was entitled to a constructive trust.

5

Aside from Weinada's failure to establish it was entitled to relief on the quiet title and constructive trust claims, the judgment here also must be reversed because the court failed to enter judgment on the claims asserted in the Fraudulent Transfer Action. As noted, the trial court concluded Tianwu was not a bona fide purchaser of the Trotter Property because it had constructive notice of Weinada's claims on the property via a lis pendens. "A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. [Citation.] The effect of such notice is that anyone who acquires an interest in the property after the action has been filed will be bound by any judgment which may thereafter be rendered in the action." (*Urez Corp. v. Superior Court* (1987) 190 Cal.App.3d 1141, 1144.) Thus, if the lis pendens is valid, Tianwu would be bound by the judgment in the action specifically referenced in the lis pendens.

Weinada recorded three lis pendenses on the Trotter Property, but only the second lis pendens, filed in connection with the Fraudulent Transfer Action, would be effective against Tianwu, assuming it is valid. Weinada may not rely on the other lis pendenses because the first lis pendens was expunged, and the third lis pendens postdated Tianwu's acquisition of the property. Thus, Tianwu's interest in the Trotter Property is not subject to the trial court's findings and judgment in the Breach of Contract Action.

The appellate record does not show the superior court entered any judgment on the claims in the Fraudulent Transfer Action. Although the instant judgment referenced the case number and defendants in the Fraudulent Transfer Action, it only addressed quiet title and constructive trust claims against Tianwu, who was dismissed from the Fraudulent Transfer Action. Without a valid judgment declaring Weinada's rights to the Trotter Property in the Fraudulent Transfer Action, Tianwu's interest in the Trotter Property cannot be subordinated to Weinada's claimed interest here. The trial court erred in quieting title to the property in Weinada's name and imposing a

6

constructive trust in Weinada's favor absent entry of judgment on the claims in the Fraudulent Transfer Action.

III

DISPOSITION

The judgment is reversed. Appellant is entitled to its costs on appeal.

ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

7