Filed 12/24/25  Ghosal v. Ajou CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAMIRA GHOSAL et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>RAAD AJOU et al.,<br><br>    Defendants and Respondents. | D084846<br><br><br>(Super. Ct. No. 37-2022-00052537-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, James A. Mangione, Judge.  Affirmed.

Samira Ghosal and Francis Ghosal, in pro. per., for Plaintiffs and Appellants.

First American Law Group, Patrick Reider and Nicole S. Dunn for Defendants and Respondents.

In February 2014, Samira and Francis Ghosal lost a parcel of real property to foreclosure.  Around March 2016, the property was sold to Raad and Thana Ajou.  In December 2022, the Ghosals filed a complaint alleging claims for adverse possession and quiet title against various entities involved in the foreclosure as well as the Ajous.  The Ghosals, who are self-

represented, now appeal the judgment on the pleadings entered against them and in favor of the Ajous. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

## I.

This matter is not the Ghosals' first lawsuit—nor their first appeal—arising out of the 2014 foreclosure of their property.

First, the Ghosals brought Case No. 37-2015-00031212-CU-OR-CTL against Deutsche Bank National Trust Company as indenture trustee for New Century Equity Loan Trust 2005-1 (Deutsche Bank); Carrington Mortgage Services, LLC (Carrington); and Doe defendants, alleging claims for various violations of the California Civil Code, unfair business practices, quiet title, and cancellation of the trustee's deed upon sale. The trial court granted the defendants' demurrer without leave to amend and entered judgment against the Ghosals. The Ghosals did not appeal.

Second, the Ghosals brought Case No. 37-2017-00038037-CU-OR-CTL against Deutsche Bank; Carrington; New Century Mortgage Corporation (New Century); Carrington Foreclosure Services, LLC (CFS); and Doe defendants, alleging claims for various violations of the California Civil Code, slander of title, cancellation of recorded instrument, quiet title, and unfair business practices. The trial court granted the defendants' motion for judgment on the pleadings and entered judgment against the Ghosals. The Ghosals again did not appeal.

Third, in December 2022, the Ghosals brought the instant action, Case No. 37-2022-00052537-CU-OR-CTL, against Deutsche Bank, Carrington, CFS, New Century, New Century Liquidation Trust, Atlantic & Pacific Foreclosure LLC, and the Ajous, alleging claims for adverse possession and quiet title. In a prior appeal, we affirmed the trial court's sustaining of

2

Deutsche Bank and Carrington's demurrer without leave to amend after concluding claim preclusion barred the Ghosals' quiet title claim and their claim for adverse possession was inadequately pled. (See generally *Ghosal v. Deutsche Bank National Trust* (Oct. 14, 2024, D083206) [nonpub. opn.].)

The Ajous also demurred to the complaint, which the Ghosals attempted unsuccessfully to amend. The Ajous then moved for judgment on the pleadings as to the original complaint. On June 7, 2024, the trial court granted the Ajous' motion, concluding the Ajous were in privity with Deutsche Bank and therefore claim preclusion barred the Ghosals' claims.

The Ghosals moved for a new trial under Code of Civil Procedure section 659 and to set aside or vacate the judgment under section 663. The court denied the motion for a new trial because no trial occurred. The court denied the motion to set aside or vacate the judgment because the Ghosals "provided no support for their contention that the Court's finding that [the Ajous] were in privity with Deutsch[e] Bank . . . was an incorrect or erroneous basis for granting the motion."

Judgment was entered against the Ghosals. The Ghosals' notice of appeal indicated they were appealing only from a judgment or order entered on June 7, 2024—in other words, the order granting the motion for judgment on the pleadings. This court subsequently construed the appeal as taken from the judgment.

## II.

The Ghosals' opening brief is not a model of clarity, but as best we can discern, they argue the trial court (1) erred in granting the motion for judgment on the pleadings based on claim preclusion, (2) erred in denying their motion for a new trial or to set aside or vacate the judgment, (3) mishandled documents by losing their proposed First Amended and

3

Verified Complaint, (4) ignored or refused to consider the Ghosals' evidence, (5) erroneously "decided to bring to trial only three defendants," and (6) was biased or discriminated against them. (Some capitalization omitted.) As explained below, we conclude the Ghosals are not entitled to relief on any of these bases.

We are mindful the Ghosals represent themselves and the technical requirements of the appellate process may be difficult for those without legal training to navigate. Even so, a self-represented party "is to be treated like any other party and is entitled to the same, but no greater, consideration than" a party represented by counsel. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Thus, while we have liberally construed the Ghosals' appellate brief, to the extent the Ghosals have asserted additional arguments we have not addressed, they are forfeited for failure to either adequately support or develop them (see *People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 25; Cal. Rules of Court, rule 8.204(a)(1)(B)) or raise them in the trial court (see *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592).

A.

The Ghosals claim the trial court erred in granting the Ajous' motion for judgment on the pleadings because claim preclusion does not apply given the Ajous were not defendants in the prior lawsuits. Even putting aside claim preclusion, however, the court was correct that the Ghosals' claims were facially defective. The court therefore did not err.

"'A motion for judgment on the pleadings performs the same function as a general demurrer, and hence attacks only defects disclosed on the face of the pleadings or by matters that can be judicially noticed.'" (*Burnett v. Chimney Sweep* (2004) 123 Cal.App.4th 1057, 1064.) The court may also consider any written instruments attached to or incorporated by reference

4

into the pleading. (*Lumbermens Mut. Cas. Co. v. Vaughn* (1988) 199 Cal.App.3d 171, 178.) We review the trial court's ruling de novo (*Howard Jarvis Taxpayers Assn. v. City of Riverside* (1999) 73 Cal.App.4th 679, 685) to "determine whether the complaint states a cause of action," assuming all the alleged facts are true (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co.* (1996) 44 Cal.App.4th 194, 198). "If a judgment on the pleadings is correct upon any theory of law applicable to the case, we will affirm it regardless of the considerations used by the trial court to reach its conclusion." (*Coshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 703.)

According to the complaint, the Ghosals' property was foreclosed upon in February 2014. Around March 2016, the Ajous purchased that property. The Ghosals waited until more than six and a half years later to file the instant matter bringing claims against the Ajous.

The Ajous argue the Ghosals' quiet title claim is barred under the three-year statute of limitations governing fraud actions given the Ghosals allege the sale of the property to the Ajous constituted "deceit and false statements by the Defendants." Even applying more generous standards, we agree the claim is statutorily barred and therefore fatally defective.

Under section 318 of the Code of Civil Procedure, "[n]o action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff . . . was seized or possessed of the property in question, within five years before the commencement of the action." "'An action to quiet title to real property is an action for the recovery thereof within the meaning of section 318.'" (*Safwenberg v. Marquez* (1975) 50 Cal.App.3d 301, 311.) Consequently, the Ghosals had to have possession of the property sometime after December 2017—five years before they commenced their action against the Ajous—for their quiet title claim to be

5

timely. Such an allegation is missing from the complaint. Indeed, given the Ajous acquired the property in March 2016, it is unlikely the Ghosals possessed the property within five years of the initiation of this action. Accordingly, the Ghosals have not stated—and almost certainly cannot state—a claim for quiet title against the Ajous. (See *Stafford v. Ballinger* (1962) 199 Cal.App.2d 289, 295 [quiet title action barred by section 318 where plaintiff "failed to allege . . . possession of the property within five years prior to filing this action"].)

The adverse possession claim is similarly defective. First, this claim is also subject to section 318, which is fatal to the Ghosals' claim for adverse possession for the same reasons it dooms their quiet title claim. (*Marriage v. Keener* (1994) 26 Cal.App.4th 186, 191.) Second, the elements of a claim for adverse possession include, among others, "continuous possession for at least five years" and "payment of all taxes assessed against the property during the five-year period." (*Mehdizadeh v. Mincer* (1996) 46 Cal.App.4th 1296, 1305.) But, as noted above, the Ghosals' complaint admits they lost the property to foreclosure in 2014 and fails to allege they possessed it at any point thereafter, much less for the requisite five continuous years. Nor do the Ghosals allege they have paid any taxes on the property since the 2014 foreclosure. Accordingly, the complaint also fails to state a claim for adverse possession.

While we must consider whether these defects could be cured by amendment (*Schonfeldt v. State of California* (1998) 61 Cal.App.4th 1462, 1465), the Ghosals bear the burden of establishing amendment would not be futile (*Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1153). The record contains no indication they made any such showing below,

6

and their appellate brief fails to argue the ability to amend. The court thus did not err in granting the Ajous' motion.

B.

As to the denial of the Ghosals' motion for a new trial or to set aside or vacate the judgment, "'[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from,'" and "[w]e have no jurisdiction over an order not mentioned in the notice of appeal." (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) Here, the Ghosals' notice of appeal identified only the order granting the motion for judgment on the pleadings, which this court construed as an appeal from the subsequent judgment. The Ghosals did not appeal from the order denying their motion for a new trial or to set aside or vacate the judgment. Accordingly, we lack jurisdiction to review that order. (See *In re J.F.* (2019) 39 Cal.App.5th 70, 79.)

Similarly, the trial court's alleged mishandling and misplacement of the Ghosals' documents is beyond our jurisdiction. (See Code Civ. Proc., § 904.1 [appeals may be taken only from enumerated orders and judgments]; *Faunce*, 222 Cal.App.4th at p. 170.)

To the extent the Ghosals argue the court ignored or refused to consider their evidence, we perceive no error. As already acknowledged, a motion for judgment on the pleadings looks only to the complaint itself, any written instruments incorporated therein, and any matters subject to judicial notice. "No extrinsic evidence can be considered." (*Jayasinghe v. Lee* (1993) 13 Cal.App.4th Supp. 33, 36.) Accordingly, the court did not err in refusing to consider any additional materials the Ghosals may have introduced. At any rate, the Ghosals have not adequately developed this argument by identifying the materials the court allegedly ignored or refused to consider and why that

7

was improper. They thus have additionally forfeited this point. (See *Acuna*, 9 Cal.App.5th at p. 25.)

The Ghosals likewise have not developed their claims the trial court somehow limited the defendants in the action or was biased or discriminated against them. (*Acuna*, 9 Cal.App.5th at p. 25.) There is no indication in the record the court somehow improperly prevented this action from going forward against any defendant. Instead, the complaint itself alleges, for example, that New Century has been "'DEFUNCT' . . . since 2007," and the record fails to evidence New Century ever was served with the summons or appeared through counsel. As to bias, we presume "that official duty has been regularly performed" (Evid. Code, § 664), and "the burden of proof is on [the Ghosals] as the party claiming bias to establish facts supporting [their] position" (*Betz v. Pankow* (1993) 16 Cal.App.4th 919, 926). The Ghosals' bare assertions of judicial bias and discrimination, unsupported by any argument or record evidence, fail to satisfy this burden.

As a result, we conclude the Ghosals have not established entitlement to relief on any of the claims they raise.

III.

We affirm and award the Ajous their costs on appeal.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

8